IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **WILLIAM TERRELL SMITH,** § § *Plaintiff*, § § **v.** § § **GUILD MORTGAGE COMPANY LLC;** § **PENNYMAC LOAN SERVICES, LLC;** § **AND MORTGAGE ELECTRONIC** § **REGISTRATION SYSTEMS, INC.** § **(MERS),** § § *Defendants*. § | **CIVIL ACTION NO. 3:19-cv-00188** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and PennyMac Loan Services, LLC ("PennyMac") (collectively, "Defendants") remove this action from the 149th Judicial District Court of Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division as follows:

**I.   STATE COURT ACTION**

1.      On May 30, 2019, Plaintiff William Terrell Smith ("Plaintiff") filed *Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Injunctive Relief)* (the "Petition") in the 149th Judicial District Court of Brazoria County, Texas, in a case style, and numbered: *William Terrell Smith v. Guild Mortgage Company LLC, PennyMac Loan Services, LLC, and Mortgage Electronic Registration Systems, Inc. (MERS),* Cause No. 103035-CV (the "State Court Action").

2.     In the State Court Action, Plaintiff seeks to preclude the foreclosure sale of the property located at 9402 Emerald Green Drive, Rosharon, Texas 77583-1116 (the "Property"). Plaintiff alleges that the defendants lack standing to foreclose due to a fraudulent assignment. Plaintiff claims the lien is void and the loan is "fraudulent."  He further alleges that the defendants failed to send proper foreclosure notices, failed to give him credit for his payments, and waived acceleration of the loan's maturity.  Plaintiff asserts causes of action for statutory fraud, common law fraud, breach of contract, and quiet title.  He seeks a declaratory judgment, temporary and permanent injunctive relief, actual damages, treble damages, and exemplary damages.

3.     Defendants have not yet been served.  *See* Exhibit D (State Court Docket Sheet). Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4.     The consent of co-defendant Guild Mortgage Company ("Guild"), which was improperly named herein as Guild Mortgage Company LLC, is not required because Guild has not yet been served.  *See* Exhibit D (State Court Docket Sheet); 28 U.S.C. § 1446(b)(2)(A) (requiring consent from "all defendants who have been properly joined and served").

5.     Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction.

## II.     PROCEDURAL REQUIREMENTS

6.     This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(1).

7.     The United States District Court for the Southern District of Texas, Galveston Division, has original jurisdiction over this action based diversity jurisdiction because all defendants are now, and were at the time this action commenced, diverse in citizenship from

Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

8. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court docket sheet |
| **Exhibit D-1** | Petition |
| **Exhibit D-2** | Temporary Restraining Order |
| **Exhibit D-3** | Defendants MERS and PennyMac's Original Answer |
| **Exhibit E** | Brazoria County Appraisal District property information |
| **Exhibit F** | Texas Secretary of State business organization information for Guild Mortgage Company |

9. In connection with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 149th Judicial District Court of Brazoria County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

10. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as defendants. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A. THE PARTIES ARE COMPLETELY DIVERSE.

11. Plaintiff is a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Petition (Ex. D-1), ¶ 5. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

12. Guild is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1). Guild is a California corporation with its principal place of business in California. *See* Exhibit F.[1] Thus, California is a citizen of California for diversity purposes.

13. MERS is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1). MERS is a Delaware corporation with its principal place of business in Virginia. *See Clear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574 at *2 (5th Cir. Mar. 28, 2011); *Anderson v. CitiMortgage, Inc.*, No. 4:13-cv-369, 2013 WL 5303800 at *1 (E.D. Tex. Sept. 20, 2013). Thus, MERS is a citizen of Delaware and Virginia for diversity purposes.

14. PennyMac is a limited liability company. For diversity purposes, the citizenship of a limited liability company ("LLC") is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, an LLC is a citizen of every state in which its members are citizens. *Id.* PennyMac is a wholly owned subsidiary of its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC's

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the business organization information for Guild Mortgage Company, which is publicly filed with the Texas Secretary of State.

members are PNMAC Holdings, Inc. ("Holdings"), a Delaware corporation with a principal place of business located in Westlake Village, California, and PennyMac Financial Services, Inc. ("PFSI"), a publicly held Delaware corporation with a principal place of business located in Westlake Village, California. As corporations, Holdings and PFSI are citizens of the state where they are incorporated and the state where they have their principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Therefore, for purposes of diversity jurisdiction, PennyMac is a citizen of Delaware and California. *See Harvey*, 542 F.3d at 1080.

B. **AMOUNT IN CONTROVERSY**

15. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

16. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount

in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

17.  Additionally, the Court may also consider actual damages and exemplary damages in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000).

18.  Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks injunctive relief to prevent the foreclosure sale of the Property. As a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. According to the

Brazoria County Appraisal District, the current market value of the Property is $149,170.[2] *See* Ex. E. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Furthermore, in addition to injunctive relief, Plaintiff seeks actual and exemplary damages. *See* Petition (Ex. D-1), ¶¶ 30-31. Thus, given the damages sought together with the value of the Property, the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.    CONCLUSION

WHEREFORE, Defendants MERS and PennyMac remove this action from the 149th Judicial District Court of Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Brazoria County Appraisal District valuation for the Property.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Sahar H. Shirazi*
**Thomas G. Yoxall (Attorney-In-Charge)**
S.D. Bar No. 16664
State Bar No. 00785304
tyoxall@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Kurt Lance Krolikowski**
S.D. Bar No. 1146373
State Bar No. 24074548
kkrolikowski@lockelord.com
**Sahar H. Shirazi**
State Bar No. 24085809
S.D. Bar No. 2149563
sahar.shirazi@lockelord.com
2800 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 226-1200
(713) 223-3717 (facsimile)

**COUNSEL FOR DEFENDANTS MERS AND PENNYMAC**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 7, 2019, on the following via CMRRR pursuant to the Federal Rules of Civil Procedure:

Rhonda S. Ross
Law Office of Rhonda Shedrick Ross
121 East 12th Street, Suite 6
Houston, Texas 77008
*Counsel for Plaintiff*

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi